UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY WITHERITE and
WILLIAM SLAVOSKI,           : CIVIL ACTION NO. 3:09-CV-214
                            :
            Plaintiffs,     : (JUDGE CONABOY)
                            :
       v.                   :
                            :
JEFFREY BROWN, et al.,      :
                            :
            Defendants.     :

NOV 1 8 2009

PER _____ 
DEPUTY CLERK

**ORDER**

**Background of this Order**:

On August 24, 2009, Commonwealth Defendants filed two motions which are pending before the Court: Commonwealth Defendants' Motion to Dismiss the Amended Complaint (Doc. 32) and Commonwealth Defendants' Motion to Sever (Doc. 33). Because the Court concludes that severance is appropriate, this Order addresses only the Motion to Sever (Doc. 33). The Court will separately consider the motion to dismiss (Doc. 32) as outlined below.

Here Commonwealth Defendants (Jeffrey Miller, Rick Brown, Ralph Periandi, Major Oliphant, James Murtin, M.L. Henry, Huascar Rivera, Stephen Barilar, Tina Koren, Bryan Devlin, Frank Hacken, John Rice, Pedro Rivera, and Mervin Rodriguez)[1] request that the Court sever this case into two separate cases for the individual

---

[1] In addition to the Commonwealth Defendants, John Duignan is a Defendant in this action. He filed a motion to dismiss on July 15, 2009 (Doc. 25), which the Court granted in part and denied in part by Order of October 21, 2009 (Doc. 51). He is not implicated in the claims made by Plaintiff Slavoski. (See Doc. 23 at 22-29, ¶¶ 70-102.)

Plaintiffs because their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as required by the Federal Rules of Civil Procedure. (Doc. 33 at 1.) The case was originally filed by Plaintiff Rodney Witherite on February 2, 2009. (Doc. 1.) Plaintiff William Slavoski was named as an additional Plaintiff in the Amended Complaint filed on July 1, 2009. (Doc. 23.)

Rule 20 of the Federal Rules of Civil Procedure addresses Permissive Joinder of Parties.

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Here, the individual plaintiff's right to relief does not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Plaintiff Witherite is a lieutenant in the Pennsylvania State Police whose asserted right to relief arises out of events which began in the Fall of 2006 and continued into the Fall of 2008. (Doc. 23 ¶¶ 13-54.) The event which allegedly gave rise to those that followed was Plaintiff Witherite's refusal of Defendant

Duignan's request to access criminal databases for what Plaintiff Witherite alleges was an improper and illegal purpose. (Doc. 23 ¶¶ 13-69.)

Plaintiff Slavoski is a United States Secret Service Agent whose asserted right to relief arises out of an allegedly improper audit of the Secret Service "NCIC" terminal in the Fall of 2007 and events which followed. (Doc. 23 ¶¶ 78-102.)

Further, of the fifteen Defendants named in the Amended Complaint, only two--Willard Oliphant and Huascar Rivera--are common to both Plaintiffs. (*See* Doc. 23 ¶ 1.) Importantly, the assertions relating to these common Defendants are different. Plaintiff Witherite alleges that Defendant Huascar Rivera transferred him to the "Hazleton hangar" as a "Special Project" person for Rivera and related events (Doc. 23 ¶¶ 60-61), Defendant Rivera told him he could not "go around Troop N barracks" without permission of the barracks commander (*id.* ¶ 61), and Defendant Rivera stated to Plaintiff Witherite that he was a member of a "protected" class (*id.* ¶ 68). In contrast, Plaintiff Slavoski alleges that Defendant Huascar Rivera with others "put Slavoski on probation for use of a state system to retaliate for his lawful use of federal facilities" (Doc. 23 ¶ 92), and Plaintiff Slavoski filed a complaint against Defendant Huascar Rivera with the PSP (*id.* ¶ 94).

The assertions relating to Defendant Oliphant are also different as to each Plaintiff. Plaintiff Witherite asserts that

Defendant Oliphant (of PSP IAD) admitted that Plaintiff's ex-wife's complaint against him was frivolous but sought permission to do a "full" IAD investigation on it. (Doc. 23 ¶¶ 32-33.) In contrast, Plaintiff Slavoski alleges that Defendant Oliphant initiated an unlawful investigation of Slavoski's use of criminal database networks in retaliation for Slavoski's use of NCIC which exposed Oliphant personally. (*Id.* ¶ 86.) Regarding the NCIC check, Plaintiff Slavoski asserts that when he ran a check on a vehicle tag number requested by a detective on a local police force, Daniel Griffin (who alleged the vehicle had been stalking him), the vehicle came back as registered to Defendant Oliphant and his son. (Doc. 23 ¶¶ 75-76.)

In response to Commonwealth Defendants' thorough and persuasive argument that Plaintiffs cannot satisfy the joinder requirements of Rule 20 (Doc. 34 at 2-7), Plaintiffs provide a two paragraph "discussion" of the issues (Doc. 42 at 2). They first assert that there is commonality of defendants in Huascar Rivera and Willarad Oliphant. As discussed above, this commonality is without legal significance.

Plaintiffs also assert there is a commonality of legal issues and Defendants' "methodology in the use of PSP investigation technique and practices by their Internal Affairs Division (IAD)." (Id.) This asserted commonality is also without legal significance in that Rule 20(a)(1) is a two-pronged test and, as discussed above, Plaintiffs are unable to satisfy the first prong which

requires that "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Plaintiffs further assertions that the "factual similarities are many" (Doc. 42 at 2) and "[t]here is also a significant commonality of witnesses" (*id.*) are similarly without legal significance.

Because joinder of Plaintiffs Witherite and Slavoski is not proper in this case, Commonwealth Defendants' Motion to Sever (Doc. 33) is granted. This action will be severed with Plaintiff Witherite, the original Plaintiff in the action (*see* Doc. 1), retaining civil action number 3:09-CV-214. Plaintiff Slavoski is dismissed from this action without prejudice. Defendants Devlin, Hacken, Rice, Pedro Rivera, and Mervin Rodriguez are also dismissed from the action as Plaintiff Witherite has no claims against them. Plaintiff Slavoski may file an independent complaint if he so desires. Because these cases will be docketed separately and subject to different scheduling orders, the Court declines Plaintiffs' request to consolidate discovery or stay severance until after discovery (Doc. 42 at 2). We will address the proper amendment of Plaintiff Witherite's Amended Complaint and Commonwealth Defendants' Motion to Dismiss the Amended Complaint (Doc. 32) by separate order.

AND NOW, THIS _____18th_____ DAY OF NOVEMBER 2009, IT IS HEREBY ORDERED THAT:

1. Commonwealth Defendants' Motion to Sever (Doc. 33) is

GRANTED;

2. Plaintiff Slavoski is dismissed from the action without prejudice to the filing of an independent action if he so desires;

3. Defendants Devlin, Hacken, Rice, Pedro Rivera, and Mervin Rodrigues are dismissed from the action as Plaintiff Witherite has no claims against them;

4. This case goes forward as to Plaintiff Witherite only;

5. This case goes forward as to Defendants Duignan, Miller, Brown, Periandi, Oliphant, Murtin, Henry, Huascar Rivera, Barilar and Koren.

6. The Clerk of Court is directed to mark the docket.

RICHARD P. CONABOY
United States District Judge